The People of the State of Illinois, Plaintiff-Appellee, *v.* William Busch *et al.,* Defendants-Appellants.

(Nos. 54290, 54291 cons.; )

First District—February 5, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Mary Cahill and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Feldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Defendants appeal a bench-trial conviction for burglary. The court sentenced them to serve four to twelve years. They contend that (1), the State failed to prove ownership of the burglarized premises; therefore, it failed to prove the offense of burglary; [1] (2), a pretrial confrontation was so highly suggestive and prejudicial that it denied them due process of law and, (3), the in-court identification did not have an independent source; instead, it was tainted by an improper station-house confrontation. Defendants did not testify nor offer any evidence.

From the State's witnesses, it appears that on July 24, 1968, at about 5:50 P.M., William Hohn, drove a United Parcel Service truck to a dock in the rear of 223 West Jackson in Chicago. On the truck were packages containing wedding dresses. Hohn locked the truck and left it for about ten minutes. Robert Murphy, a truck driver, was nearby. Murphy saw a blue 1961 Ford with three male Negroes in it drive up and park on an angle to Hohn's truck. He saw two of the men go into the truck, take packages and place them in the Ford. Murphy noted the license number of the Ford and went looking for a policeman. He found one, gave him the number and described the Ford. As he did, the Ford came past. Murphy told the policeman that it was the car which had in it packages taken from Hohn's truck.

The police officer began a pursuit of the car. In addition, he sent out an alarm. This was received by two squad policemen, McInerney and Naponiello. A short time later the policemen stopped the Ford. Defendants were arrested.[2] In the vehicle were seven packages of Angelair Bridal wedding gowns which Hohn had left in his truck. Defendants were taken to a police station. No showup or lineup was conducted. Murphy came to the station and saw defendants there. At the trial Hohn,

---

[1] Ill. Rev. Stat. 1967, ch. 38, § 19-1

"§ 19-1. Burglary.

(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law, approved July 11, 1957, as amended, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4-102 of the 'Illinois Motor Vehicle Law', as heretofore or hereafter amended."

[2] In addition to the two defendants in this appeal, a third man, Leon Harris, was in the vehicle. Harris was a co-defendant; but after the State rested and the trial was continued to the next day, Harris failed to appear. He was convicted *in absentia*.

Murphy and McInerney were witnesses. Hohn described how he left his truck but found the lock to it broken when he returned. Murphy identified the three defendants as the men he had seen pass him in the 1961 blue Ford, take the packages from the United Parcel truck and put them in the Ford. Officer McInerney testified to the chase of the Ford, defendants' arrest, the packages found in their possession and the return of them to a representative of the United Parcel Service. It was stipulated between the parties that if the attorney for United Parcel Service were called, he would testify "[t]hat the trucks are in fact owned by the United Parcel Service Corporation."

Defendants contend that this stipulation did not prove ownership by United Parcel Service Corporation of the truck from which the packages were taken. They argue that because the witnesses described one truck and the stipulation refers to "trucks," there is an ambiguity that results in a failure to prove ownership of the burglarized premises. See *People v. McClure*, 93 Ill.App.2d 450, 235 N.E.2d 677. Hence, defendants argue, the State failed to prove burglary.

■■ This contention is without merit. A stipulation is given its natural and ordinary meaning. (*People v. Joe*, 31 Ill.2d 220, 226, 201 N.E.2d 416.) In construing one, courts look to the actual intention of the parties. (*Kazubowski v. Kazubowski*, 93 Ill.App.2d 126, 134, 235 N.E.2d 664.) When we do that here, the conclusion is compelled that the parties actually intended to refer to the United Parcel truck driven by Hohn. Therefore, the stipulation was evidence that, as charged in the indictment, United Parcel Service Corporation was owner of the burglarized truck.

Defendants' second and third contentions concern what they claim was a highly suggestive and prejudicial pretrial confrontation with the witness Murphy. The record discloses that after defendants were arrested, Murphy, without a lineup or a showup, "observed" them in the police station. At the trial he made in-court identifications of the defendants. Defendants argue that admission in evidence of Murphy's in-court identification testimony deprived them of due process.

The State meets this contention with the argument that defendants neither moved to suppress nor objected to Murphy's testimony. Defendants concede this much. They argue, however, that because Murphy's testimony affected their constitutional right to due process of law, we should apply Supreme Court Rule 615(a) which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

■■ If it were true, defendants had the right to show there was a pre-

trial identification viewing of them by Murphy so wanting in fairness that it deprived them of due process of law. (*Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).) In such a case, it would have been defendants' burden to prove that there was a pretrial confrontation between them and Murphy that was conducive to an irreparable mistaken identification which was essential to conviction. (*People v. Blumenshine,* 42 Ill.2d 508, 250 N.E.2d 152.) The record, however, fails to disclose such an occurrence. What it does disclose is the uncontradicted proof that three policemen arrested defendants in hot pursuit and found in their possession packages of wedding gowns taken from the burglarized truck.

■■ In any event, it is clear that defendants did not move against nor object to Murphy's in-court identification testimony, evidence they now say deprived them of constitutional rights. Admission of Murphy's testimony was not plain error. (See *Davis v. United States,* 425 F.2d 673 (9 Cir. 1970).) For an error not objected to at trial to be reviewable under Rule 615(a), it must really affect substantial rights and be capable of causing a miscarriage of justice. (*People v. Rollins,* 119 Ill.App.2d 116, 121, 255 N.E.2d 471.) Therefore, we hold that defendants failure to move suppression of or make objection to Murphy's testimony was a waiver. A constitutional right, like any other right, may be waived. *People v. Orr,* 10 Ill.2d 95, 100, 139 N.E.2d 212; *Hayes v. State,* 46 Wis.2d 93, 175 N.W.2d 625 (1970); *People v. Schram,* 23 Mich. App. 91, 178 N.W. 93 (1970); and compare *People v. Smith,* 44 Ill.2d 82, 87, 254 N.E.2d 492. Judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.