2 Ill. App.3d 319 (1971)
276 N.E.2d 360
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
RICHARD CHILDRESS, Defendant-Appellant.
No. 55175.
Illinois Appellate Court  First District.
October 27, 1971.
*320 Gillis, Gildea & Rimland, of Chicago, (Kenneth L. Gillis, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and James Sternik, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE DIERINGER delivered the opinion of the court:
This is an appeal from a judgment of the circuit court of Cook County finding defendant guilty of possessing stolen goods. The case was tried by the court without a jury, and the defendant sentenced to one year's probation.
On November 12, 1969, a Thom McAn shoe store at 147th and Western Avenue in Dixmoor, Illinois, was burglarized. Police officers went to the scene at 11:38 P.M. They questioned the people in the vicinity and then procured a search warrant to search a 1962 Chevrolet car, license number CL 3014, registered to Richard Childress, and also the house in which he lived at 2022 West 142nd Street, Dixmoor. The warrant alleged the burglary at the Thom McAn store, information from a reliable informant, and also that a car with the above license number had been spotted. The warrant specified the things to be seized as shoes, purses and socks.
At 2:20 A.M., the police went to the defendant's address and searched the house but found nothing. However, in the car they found several shoes. An officer testified the car was locked, but he was able to see them through the car windows, and entrance was gained to the car when the keys were found on a table in the house. There were three shoes on the floor of the front seat, one shoe on the floor of the rear seat, and one was on the back seat.
Alan Holmes, the manager of the shoe store, testified the shoes were from his store. He was able to identify them because of the "label and handwriting, and the way we do it."
The defendant testified in his own defense that he was parked behind the Curve Lounge, which is adjacent to the Thom McAn store, and that he was accompanied by four friends. He stated they all sat in his car and drank some wine they had bought, and then he and one of the others went into the lounge leaving the other three alone in the car. He denied knowledge of the crime and stated he did not notice the shos in his car as he drove home.
The defendant contends it was error for the judge to fail to suppress the evidence uncovered pursuant to the search warrant because the warrant did not explain the reason the police went to the defendant's house, did not furnish facts to support its conclusion and did not describe with particularity the articles to be seized. It is not necessary to discuss *321 the validity of the warrant because the goods were seized lawfully pursuant to the "plain view" doctrine of Harris v. United States (1967), 390 U.S. 234, and People v. Wright (1968), 41 Ill.2d 170. In Harris, the court held the "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." In Wright, a policeman had secured a search warrant for the second floor apartment of a two-story building. During the surveillance of the building it was discovered that known policy runners were entering the first floor apartment. One of the policemen went to the rear of the building, which had no yard, and was able to see gambling operations on the first floor through partially open curtains. The court held that evidence obtained on a search of the first floor apartment was admissible because the officer had probably cause to believe a crime was taking place when he looked into the window, and he did not trespass while doing so.
 1 In the instant case the articles seized were taken from a car parked on a street after being viewed by a policeman who was not trespassing. The officer had probable cause to believe a crime had taken place because he had investigated the break-in of the Thom McAn store, and the shoes he observed in the car appeared to be of the same type as those he saw in the store. "Whether probable cause exists depends upon the totality of the facts and circumstances," (People v. McCrimmon (1967), 37 Ill.2d 40), and the conclusions drawn by the arresting officer should be judged upon "factual and practical considerations of everyday life, on which reasonable and prudent men, not legal technicians act." People v. Hester (1968), 39 Ill.2d 489; Brinegar v. United States (1948), 338 U.S. 160.
 2 The defendant next complains that the ownership of the shoes was not proven beyond a reasonable doubt and contends the complaint is faulty for failing to allege that the Thom McAn shoe store was a corporation. In his brief the defendant asserts the manager of the store could not state whether the shoes had come from his store. This is not supported by the record. Alan Holmes, the manager of the store, stated he could identify the labels taped to the shoes "by the label and handwriting, and the way we do it."
In People v. Whittaker (1970), 45 Ill.2d 491, the Supreme Court of Illinois discussed the necessity of alleging ownership rather than mere occupancy:
"It is true that an allegation of ownership was once required (see People v. Picard, 284 Ill. 588), but we put an end to this `empty formality' in People v. Stewart, 23 Ill.2d 161, 168, and reaffirmed our position *322 in People v. Peck, 29 Ill.2d 480, 484. Accordingly, an indictment alleging occupancy or possession of the burglarized premises in a named person is sufficient."
The information in the complaint is sufficient to establish ownership in someone other than the defendant.
Furthermore, the record contains sufficient information for the trier of fact to conclude that Thom McAn is a corporation. In People v. McGuire (1966), 35 Ill.2d 219, the court stated:
"We believe that the time has come to re-evaluate the standards of proof established by earlier decisions. In other States, the ordinary rule is that the existence of a corporation may be shown by direct parol evidence. * * * We believe that these rulings are inconsistent `with the spirit that has substituted, in criminal procedure as well as in civil, an interest in the significant rights of the litigants for a ritualistic concern with the empty formalities.' (People v. Hill, 17 Ill.2d 112, 119.) We therefore hold that in the absence of evidence to the contrary, the existence of a corporation may be shown by the direct oral testimony of a person with knowledge of that fact."
In a recent case, People v. Nelson (1970), 124 Ill. App.2d 280, the court held that corporate ownership could be determined from such references as "Sears," "Sears and Roebuck," "Sears Corporation," "Sears warehouse," and several similar terms. The court cited the McGuire case and then stated:
"It follows that formal and better proof would have been made if a witness who knew the facts were asked whether Sears, Roebuck and Co. was a corporation and whether it owned the warehouse as alleged in the indictment. However, absence of this kind of precise interrogation is not important because if there was evidence that the injured party was a corporation, and that it owned or possessed the burglarized premises, it is of no moment that a direct question about these facts was not put to a witness."
In the instant case there were several references to the shoes being Thom McAn products, and the manager stated that an inventory would be done by a "company" auditor. The word "company" connotes a corporate existence. (People v. Whittaker, 45 Ill.2d 491.) In Whittaker, the court stated:
"The rationale for this common-law requirement was to adequately inform the defendant of the charges against him and to protect him from possible double jeopardy."
In this case there is no allegation that the defendant was unable to prepare his case based on the information in the complaint, and there is no danger of double jeopardy because the complaint stated the defendant *323 obtained unauthorized control over property belonging to the Thom McAn shoe store at a specific address in Dixmoor.
Finally, the defendant complains his motion in arrest of judgment should have been granted because he was tried on an unsworn complaint, to which no plea was made. The basis of this argument is that immediately before trial, the State amended the original complaint. The verified complaint originally filed charged the defendant with a violation of section 15-7(a) of Chapter 38 of the Illinois Revised Statues:
"As used in this Part C, `Obtain' means:
(a) In relation to property, to bring about a transfer of interest of possession, whether to offender or to another."
The amended complaint charged the defendant with violating section 16-1(d)(1):
"A person commits theft when he knowingly: * * *
(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and
(1) Intends to deprive the owner permanently of the use or benefit of the property."
 3 Although there was no re-verification of this new complaint, a defendant can waive his right to verification by pleading guilty or going to trial without raising the question. (People v. Harding (1966), 34 Ill.2d 475.) In People v. Smith (1967), 90 Ill. App.2d 388, the court stated:
"Defendant did not move to quash the complaint until after the State had rested its case. * * * We are constrained to hold that, no objection having been made in apt time, if any defect did in fact exist in the verification of the complaint, defendant is deemed to have waived them."
 4, 5 Although the defendant did object to the amendment to the complaint immediately prior to trial, that objection did not preserve his right to be prosecuted on a verified complaint. Where the defect could have easily obviated by giving notice to the adverse party, a specific objection must be made. (People v. Merril (1966), 76 Ill. App.2d 82.) The re-verification could easily have been made in this case because both the Assistant State's Attorney, who amended the complaint, and the witness who had originally verified the complaint were both in the courtroom.
For the reasons stated herein, the judgment is affirmed.
Judgment affirmed.
ADESKO, P.J., and BURMAN, J., concur.