The People of the State of Illinois, Plaintiff-Appellee, *v.* Leonard R. Roach, *et al.*, Defendants-Appellants.

(No. 70-188;

Fifth District—October 29, 1971.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellants.

Richard Richman, State's Attorney, of Murphysboro, for the People.

PER CURIAM:

This is an appeal from the conviction of defendants on a charge of theft of property under $150 in value (an automobile battery), in violation of Section 16—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 16—1.) The appellants were named as defendants in a criminal information charging them with theft under $150 of an automobile battery belonging to Grob Chevrolet, Inc., Murphysboro, Illinois.

Defendants contend that the evidence at their trial was insufficient to sustain a conviction because there was no evidence in the record to prove that the battery in question was the property of Grob Chevrolet, Inc., as alleged in the indictment.

■■■ The ownership of property must be proved as laid in an indictment for larceny, and, since larceny is an offense against the owner of property, the owner's name becomes material to a statement of the offense in the indictment if known, and must be proved as alleged. Where the ownership of stolen property is alleged to be in a corporation, the legal existence of the corporation is a material fact and must be proved. *People v. Smith*, 341 Ill. 694, 173 N.E. 814; *People v. Csontos*, 275 Ill. 402, 114 N.E. 123; *People v. Gordon*, 5 Ill.2d 91, 125 N.E.2d 73.

■■ In the present case there was no proof as to the ownership of the battery. Nor was there any proof offered as to the legal existence of Grob Chevrolet, Inc. The proof was therefore insufficient to sustain a material allegation of the indictment.

For the foregoing reasons the judgments of the circuit court of Jackson County are reversed.

Judgments reversed.