THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE L. NELSON, Defendant-Appellant.

(No. 57947; ▮▮▮▮▮▮)

First District (4th Division)—January 16, 1974.

Paul Bradley, Deputy Defender, of Chicago (Robert E. Davidson, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman, Roger L. Horwitz, and Sharon Hope Grossman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

After a jury trial, the defendant, Clarence Nelson, was found guilty of burglary and armed robbery and sentenced to a term of not less than ten nor more than thirty years in the penitentiary for each offense, the sentences to run concurrently. In prosecuting this appeal he contends that he was prejudiced by the admission of testimony concerning a subsequent similar offense, that he was not properly convicted of both armed robbery and burglary because both offenses arose out of the same conduct and that his sentence is excessive.

The complaining witness, Mrs. Frances Dice, testified that at about two o'clock on the morning of January 15, 1970, she drove into the garage at her home and was accosted by three men. One of the men, later identified as the defendant, held a gun to her head and forced her to open the door. The men removed various items from the house, including clothes,

a portable television, portable radio, and jewelry. They also took her wallet, which contained her driver's license and some credit cards. The defendant then forced to undress. The men tied her up and left, taking her car with them. She managed to free herself and notified the police.

Another witness, Mrs. Sheila Elcock, testified that on January 19, 1970, at about nine o'clock in the evening she was returning alone to her home located at 307 South Kilpatrick. After she entered the vestibule of the building she was accosted by a short man who pointed a gun at her and demanded her money. She gave him her purse, and he took fifteen dollars from her. Then a taller man (the defendant) entered and took her coat and hat. He carried these out to a car and returned with a gun, which he held to her head and demanded the keys to her apartment. At this moment the police arrived and arrested both men.

Police Officers Curtis Baker and Cornell Brooks testified that on the evening of January 19, 1970, they responded to a "rape in progress" call and went to 305 South Kilpatrick. There they observed a man, whom they later identified as the defendant, holding a woman around the throat with a gun held to her head and a second man kneeling down rummaging through a purse. As he entered the vestibule, Officer Baker saw the defendant place a revolver in his pocket. He arrested the defendant, searched him and recovered the revolver. Both Mrs. Dice and Mrs. Elcock testified that the revolver recovered by Officer Baker was similar to the one which the defendant had held on them.

Officers Baker and Brooks took the defendant to the Fifteenth District Police Station, where Officer Baker searched him again. As a result of this search, Officer Baker found the credit cards and driver's license taken from Mrs. Dice on January 15.

Another police officer, Claudell Ervin, testified that he and his partner, Carl Gilio, arrived at 305 South Kilpatrick shortly after nine o'clock on January 19. They observed an unoccupied automobile standing in the alley with the motor running. In the auto were a woman's coat and hat, later identified by Mrs. Elcock as those taken from her by the defendant. Officer Ervin checked the registration of the automobile and found that it had been reported stolen on January 15, and that the owner was Robert Dice, the husband of Mrs. Frances Dice.

We consider first whether the defendant, who was being tried for the crimes allegedly arising out of his conduct toward Mrs. Dice on January 15, was prejudiced by testimony concerning his subsequent offense against Mrs. Elcock. The defendant concedes that the State properly elicited testimony concerning the circumstances of his arrest since the resulting search of his person by the police officers led to the discovery of Mrs. Dice's driver's license and credit cards and of a pistol

similar to the one used against her. He also concedes that it was proper for the State to link him with the automobile stolen from Mrs. Dice by presenting the testimony of Mrs. Elcock that he took her coat and hat and the testimony of the officers that the same coat and hat were found later in Mrs. Dice's car. All of the testimony beyond that necessary to establish this link, he argues, was inadmissible. Specifically, he objects to the testimony concerning the alleged armed robbery of Mrs. Elcock and the testimony of the police officers that they responded to a rape in progress call and that they arrested him for "molesting or raping" Mrs. Elcock.

■■■ While we might agree with the defendant in principle, our examination of the record in the present case indicates that the evidence presented by the State did not exceed that necessary to establish the matters which the defendant admits were material and proper. The defendant concedes that it was proper for the State to introduce the pistol taken from him and Mrs. Dice's driver's license and credit cards. In order to establish the existence of these and to lay a proper foundation for their admission it was necessary for the State to describe the circumstances of their acquisition by the police. This necessitated a rather detailed description of the events leading up to and surrounding the arrest. The same is true of the evidence linking the defendant to Mrs. Dice's automobile.

Furthermore, evidence of subsequent crimes is admissible where it tends to establish motive or intent, absence of mistake, or the existence of a common scheme or design. (*People v. Lehman* (1955), 5 Ill.2d 337, 125 N.E.2d 506; *People v. Battle* (1972), 3 Ill.App.3d 820, 279 N.E.2d 165; *People v. Allen* (1971), 1 Ill.App.3d 197, 272 N.E.2d 296.) In the present case, the evidence established that the defendant followed a common design on each of the two occasions in question. Both victims were women alone at night, and both were accosted while about to enter their homes. In both instances, the defendant placed his arm around the victim's neck, held a gun to her head and demanded the keys to her house. Therefore evidence of the defendant's conduct toward Mrs. Elcock, to the extent that it revealed this common method of operation, was admissible.

Finally, we note that the jury was instructed that:

> "Evidence has been received that the defendant may have been involved in a crime other than that charged in the indictment. This evidence has been received solely on the issue of the defendant's presence, identification and design. This evidence is to be considered by you only for the limited purpose for which it was received."

Nothing in the record indicates that the jury disregarded this instruction, and, indeed, the defendant does not contend that it did.

Next we consider whether it was proper for the court to have convicted the defendant of both burglary and armed robbery. He argues that the offenses charged were based upon the same conduct and accompanying mental state and thus that judgment should have been entered on only one of them.

The crimes of burglary and armed robbery are distinctly separate offenses involving different elements. (See Ill. Rev. Stat. 1969, ch. 38, pars. 18—1, 18—2, 19—1.) In the present case the indictments charged the defendant with burglary in that he "without authority, knowingly entered a building, to-wit: dwelling house of Robert Dice [Mrs. Dice's husband] with the intent to commit the crime of theft therein" and armed robbery in that he "by the use of force and while armed with a dangerous weapon took an automobile and an amount of United States currency * * * from the person and presence of Frances Dice."

■■ Thus the burglary involved the taking of items from the victim's home and was directed against the property of Robert Dice. The armed robbery involved the forceful taking of property from the person of Mrs. Dice. Although both offenses resulted from a series of acts committed within a short period of time, each involved separate acts. They were separate offenses for which concurrent sentences were both constitutionally and statutorily permissible. *People v. Harper* (1972), 50 Ill.2d 296, 278 N.E.2d 771.

■■ Finally we consider whether the sentence imposed by the trial court is excessive. The imposition of sentence is a matter within the discretion of the trial court. Unless such discretion is abused this court will not interfere. (*People v. Schmidt* (1957), 10 Ill.2d 221, 139 N.E.2d 726.) In the present case the sentences imposed were within the limits prescribed by law. The crimes committed by the defendant were deliberate, ruthless and premeditated. They involved a deadly weapon and thus posed a serious threat to both the victim and society. Under these circumstances we cannot say that the trial court abused its discretion in imposing concurrent sentences of ten to thirty years.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.