THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM McALLISTER, Defendant-Appellant.

(No. 73-144; ▮▮▮▮▮▮▮▮▮▮

Fifth District—October 8, 1974.

Robert E. Farrell and Richard E. Cunningham, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Howard Hood, State's Attorney, of Murphysboro, and Ralph J. Mendelsohn, of Model District State's Attorneys Support Unit, of Cairo, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, William McAllister, was found guilty of the crimes of armed robbery and unlawful use of weapons after a jury trial in the Circuit Court of Jackson County. Count I charged him with armed robbery and Count II charged him with unlawful use of weapons.

Defendant initially maintains that Count I of the indictment failed to state an offense. The pertinent part of Count I stated:

> "That William McAllister on the 20th day of June A.D., 1972 within said County of Jackson, committed the offense of Armed Robbery in violation of the provisions of Chapter 38, Paragraph 18—2, Illinois Revised Statutes, in that he took property from the Spires Grocery Store, 303 South Washington Street, Carbondale, Illinois, said property being United States currency, by threatening the imminent use of force and while armed with a dangerous weapon, to-wit: a sawed-off shotgun."

Prior to his trial defendant filed a motion to quash the indictment and that motion was denied.

■■ The crime of robbery is the forcible taking of property from another person. The indictment in the case at bar charges the defendant with the taking of property from "the Spires Grocery Store" by threatening the imminent use of force. The identity of an armed robbery victim is an essential allegation of an indictment charging that offense.

■■ In the case at bar the "person" identified as the one robbed was "the Spires Grocery Store." Thus, the complaint in this case is fatally

defective in that "Spires Grocery Store" is not a "person" capable of being robbed and the conviction on this charge is reversed.

■■ The defendant raises several other issues on appeal. We have reviewed the record and find these issues to be without merit. We find that no error of law appears, that an opinion would have no precedential value, and that the evidence is not so unsatisfactory as to leave a reasonable doubt as to defendant's guilt and we therefore affirm Count II of the conviction in accordance with Supreme Court Rule 23 (Ill. Rev. Stat., ch. 110A, par. 23).

Judgment reversed in part and affirmed in part.

EBERSPACHER and CARTER, JJ., concur.