THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN SIMS, Defendant-Appellant.

(No. 60104; )

First District (3rd Division)—June 5, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant Marvin Sims was arrested for shoplifting at a Jewel Food Store located at 1812 West 59th Street, Chicago. He waived a jury, was convicted of theft and was sentenced to 6 months' probation. He contends on appeal that the State failed to prove the corporate existence of the Jewel Food Store and that there was no proof that he intended to permanently deprive the store of the property he was accused of taking.

On November 14, 1973, at about 1:30 in the afternoon, Carlton Pittman, an off-duty policeman who worked as a security officer at the Jewel store, saw Sims, who was about 10 feet away, fold articles of children's clothing and stuff them into the waistband of his open pants. Sims saw Pittman coming toward him and took the wadded clothes out of his pants. Pittman picked these up and led Sims to a back room of the store. The store manager joined them there. Sims had placed six children's playsuits valued at $30.54 inside his trousers. Each suit was marked with a merchandise ticket that showed its price and Jewel's ownership.

At the beginning of the trial the assistant State's Attorney was granted leave of court to amend the complaint to state that Jewel Food was a cor-

poration licensed to do business in Illinois. Pittman, the only witness for the State, made frequent references to Jewel Food Stores but he was not asked about Jewel's corporate existence.

■■ Theft is the taking of property without the owner's consent. Ownership of some form of possessory interest in someone other than the defendant is an essential element of the offense and must be alleged and proved. (*People v. Roach* (1971), 1 Ill.App.3d 876, 275 N.E.2d 309.) The theft must be from an entity legally capable of owning property. (*People v. Hill* (1966), 68 Ill.App.2d 369, 216 N.E.2d 212.) If the owner-ship of the property is alleged to be in a corporation, the legal existence of the corporation is a material fact and must be proven. (*People v. Cohen* (1933), 352 Ill. 380, 185 N.E. 608; *People v. Gordon* (1955), 5 Ill.2d 91, 125 N.E.2d 73.) One of the purposes of the requirement is to adequately inform the defendant of the charges against him and to pro-tect him from possible double jeopardy. *People v. Whittaker* (1970), 45 Ill.2d 491, 259 N.E.2d 787.

However, the prescriptions formerly associated with proof of a cor-poration's existence are no longer required. In *People v. McGuire* (1966), 35 Ill.2d 219, 220 N.E.2d 447, the court dispensed with the need to introduce into evidence the corporation's charter in order to estab-lish that there was a corporation. This time-honored method of proof was dismissed as a ritualistic concern with empty formalities. The court held that the corporate existence could be proven by the direct oral testimony of a person with knowledge of that fact. There have been further relaxations. Where no direct oral testimony is elicited, proof of corporate existence has been permitted in various other ways. In *People v. Nelson* (1970), 124 Ill.App.2d 280, 260 N.E.2d 251, there were refer-ences throughout the trial to "Sears," "Sears and Roebuck," "Sears Cor-poration," "Sears warehouse," "Sears Distribution Center at 2065 George Street in Melrose Park" and "Sears property." The references were held to constitute sufficient proof of the corporate existence and ownership of the burglarized premises of Sears Roebuck & Co. In *People v. Childress* (1971), 2 Ill.App.3d 319, 276 N.E.2d 360, the court held that there was evidence of the corporate existence of a Thom McAn shoe store because of references to Thom McAn products and testimony that a company auditor would conduct an inventory. The court said the word "company" connoted a corporate existence. Likewise, in *People v. Geraci* (1974), 25 Ill.App.3d 191, 323 N.E.2d 48, a complaining witness testified that she was employed by Jewel, Incorporated, a corporation licensed to do busi-ness in the State of Illinois. However, the theft took place in a Turnstyle Family Store, a division of Jewel. There was no direct testimony about the relationship between Jewel and Turnstyle. Despite the lack of direct

testimony, the court held that ownership was alleged and proven to be in one other than the defendant and affirmed the conviction for theft.

■■■ A Jewel Food Store is not an obscure neighborhood grocery. It is a unity in a well-known chain of supermarkets in the Chicagoland area. Any Illinois judge could take judicial notice that the Jewel company has a corporate make-up and is an entity capable of owning property. In this nonjury trial, the Jewel store was referred to as the owner of the articles Sims removed from a counter and concealed on his person. A tag bearing the Jewel name was on each playsuit. There was no contention that the merchandise was not the property of Jewel and in his testimony Sims acknowleged as much. He was in no way prejudiced by the prosecution's neglect to formally prove that the store was owned by a corporation and his counsel did not object to the failure during or after the trial. Sims was adequately informed of the charge against him and is fully protected from double jeopardy. The complaint, as amended on its face, alleged that Jewel was an Illinois corporation and specifically apprised him of the name and address of the store and the date its property was stolen. Sims has the complaint, the transcript of the trial and the opinion of this court to shield him from a second prosecution for the same offense. He was accused and proven guilty of stealing merchandise that was owned by someone other than him, and to reverse his conviction for an unprejudicial failure of proof would be elevating form over substance and would be promoting a minor irregularity into a major defect affecting a substantial right. (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a).) In line with the sentiment expressed in *People v. Hill* (1959), 17 Ill.2d 112, 160 N.E.2d 779, *cert. denied* (1960), 362 U.S. 922, and iterated in *People v. McGuire* favoring an interest in the significant rights of litigants over ritualistic concern with empty formalities, we hold that there was sufficient proof before the court to sataisfy the material allegations in the complaint.

■■ The defense at the trial was that the State failed to prove that Sims actually intended to permanently deprive the Jewel store of the items of clothing because he was apprehended before he had an opportunity to pay for them. The total value of the items was $30.54 and Sims had only $1 on his person when arrested. The trial court determined that the merchandise had been stuffed into the defendant's trousers before he was apprehended and that the theft had been accomplished. A person commits theft when he knowingly obtains or exerts unauthorized control over property of the owner and intends to deprive the owner permanently of the use or benefit of the property. (*People v. Smith* (1967), 90 Ill.App.2d 388, 234 N.E.2d 161; Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1).) In a trial for theft, intent may and often must be

proved by the facts and circumstances surrounding the alleged criminal act. (*People v. Ida* (1973), 14 Ill.App.3d 407, 302 N.E.2d 713.) The circumstances at the time of the defendant's apprehension, his open trousers and the store's merchandise inserted inside them could only signify an intent to steal.

The decision of the trial court is affirmed.

Affirmed.

McNAMARA and MEJDA, JJ., concur.