THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH McALLISTER, Defendant-Appellant.

(No. 58519; )

First District (1st Division)—August 18, 1975.

GOLDBERG, J., specially concurring.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and William J. Haddad, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

Defendant was convicted in a bench trial of theft of property having a value of less than $150 (Ill. Rev. Stat. 1973, ch. 38, § 16—1), and sentenced to imprisonment for 6 months. The complaint charged him with theft of property located at 1637 West Chicago Avenue, Chicago, Illinois, belonging to "Jupiter Discount Store, a corporation licensed to do business in the State of Illinois."

The security officer of Jupiter Discount Store testified that four pairs of men's pants and one blouse which defendant was charged with stealing belonged to Jupiter Discount Store. He testified that he observed the defendant enter the men's department, pick the items up and then leave the store with them. He saw the defendant put these items into a bag after leaving the store through a back door. The security officer apprehended the defendant, and when he recovered the items they still had the store price tag on them. The defendant testified that he never had possession of the items in question and that he never touched them.

The State read the following stipulation into the record:

"Jupiter Discount Store is a business licensed to do business in the State of Illinois."

Defendant argues that the stipulation establishes only that Jupiter Discount Store was a business, there was no proof that it was a corporation and the State failed to prove the ownership of the stolen merchandise or that Jupiter Discount Store was an entity capable of owning property, essential elements in the proof of the offense of theft. The sole issue, therefore, is whether it was necessary for the State to offer proof, in addition to the stipulation and the facts set forth above, of the corporate existence of Jupiter Discount Store.

■■ The offense of theft is defined in terms of obtaining control over property of "the owner" and depriving "the owner" of the use of the property. (Ill. Rev. Stat. 1973, ch. 38, § 16—1.) "Owner" is defined as "* * * a person * * * who has possession of or any other interest in the property * * *." (Ill. Rev. Stat. 1973, ch. 38, § 15—2.) The purpose of the requirement in the theft statute, that ownership of stolen property be proved, is to assure that it was neither abandoned nor owned by the accused, and that it was taken from one who was the owner. The proof of Jupiter Discount Store's ownership was satisfied in this case by the testimony of the security officer.

■■ A stipulation should be given its natural and ordinary meaning

and construed in the way in which it was intended by the parties. (See *People v. Busch* (1971), 131 Ill.App.2d 430, 432, 268 N.E.2d 209, which relies on *People v. Joe* (1964), 31 Ill.2d 220, 226, 201 N.E.2d 416.) It is obvious that the purpose of the stipulation set forth above was to establish that Jupiter Discount Store was a corporation and to obviate the need for further proof of its corporate existence. The mere substitution of the word "corporation" after the word "business" or in place of the word "business" would not only have completely satisfied the objection presented in this appeal, but would also have cast the stipulation in more traditional verbiage. We hold that this was the intention of the parties, and that the stipulation as so construed satisfied the requirement of several decisions in this jurisdiction that in a prosecution for theft of property owned by a corporation, it is necessary to allege and prove the fact of its incorporation.[1] However, accepting the literal wording of the stipulation we also reach the conclusion that the proof was adequate.

The reasons for requiring allegation and proof of corporate existence when property has been stolen from a corporation are: (i) to establish that the defendant was not the owner of the property, (ii) to protect the defendant against double jeopardy, and (iii) to inform defendant of the charge against him. The protection of these safeguards was afforded to the defendant by the complaint and proof in this case. *People v. Childress* (1971), 2 Ill.App.3d 319, 322, 276 N.E.2d 360.

Defendant does not challenge the sufficiency of the complaint which adequately informed him of the charges against him. Nor does he argue that his knowledge of the charges against him was insufficient to permit him to prepare his defense.

Substituting the literal wording of the stipulation for the construction we have applied to it, the stipulation provides additional proof that ownership was in Jupiter Discount Store, a business entity. The material allegation, that of ownership or right of possession in someone other than the defendant, was proved here by the stipulation and the other evidence even if the stipulation failed to establish the precise nature of the business entity involved.

■■ Defendant's own testimony that he did not have anything to do

---

[1] *People v. Gordon* (1955), 5 Ill.2d 91, 125 N.E.2d 73; *People v. Cohen* (1933), 352 Ill. 380, 185 N.E. 608; *People v. Krittenbrink* (1915), 269 Ill. 244, 109 N.E. 1005; *People v. Brander* (1910), 244 Ill. 26, 91 N.E. 59; *People v. DeBartolo* (1975), 24 Ill.App.3d 1000, 322 N.E.2d 251; *People v. McAllister* (1974), 23 Ill.App.3d 142, 318 N.E.2d 733; *People v. Roach* (1971), 1 Ill.App.3d 876, 275 N.E.2d 309; *People v. Moyer* (1971), 1 Ill.App.3d 245, 273 N.E.2d 210; *People v. Hill* (1966), 68 Ill.App. 2d 369, 216 N.E.2d 212.

with the property negates any right to its possession or ownership, on his part. The security officer testified that Jupiter Discount Store owned the property, and the defendant did not at any time dispute such ownership. Because, as the stipulation states, Jupiter Discount Store was a licensed business, it was a legal entity capable of owning property including the property in question. The store clearly was not operated by a nonentity. (See *People v. Mahle* (1974), 57 Ill.2d 279, 312 N.E.2d 267; *People v. Norris* (1975), 28 Ill.App.3d 590, 328 N.E.2d 577; dissenting opinion in *People v. Moyer* (1971), 1 Ill.App.3d 245, 250, 273 N.E.2d 210; *People v. Grahle* (1924), 67 Cal.App. 183, 227 P. 227.) In view of the testimony and the stipulation there can be no doubt that a person other than the defendant, whether it be an individual, a partnership, a corporation or some other entity, owned and had the capacity to own the business and the property used in the business.

The defendant is adequately protected against further prosecution for the theft of four pairs of pants and the blouse from the business operated at 1637 West Chicago Avenue by the complaint, the stipulation, the testimony regarding the location of the premises from which the property was taken and the name of the owner, and this opinion. This is so regardless of the type of business entity which operated the business. The significant inquiry is whether the defendant was prejudiced by the State's failure to supplement the language of the stipulation with additional evidence establishing the corporate existence of Jupiter Discount Store. Where the protections intended for a defendant in a theft case have been satisfied, the conviction should not be overturned because of this technical omission.

Two recent decisions of this court—*People v. Sims* (1975), 29 Ill. App.3d 815, 331 N.E.2d 178, and *People v. Kaprelian* (1972), 6 Ill.App.3d 1066, 286 N.E.2d 613—affirming shoplifting convictions presented facts similar to those in this case. The charge in each case was theft from a Jewel store, but the prosecutor failed to offer any evidence establishing that Jewel was a corporation or any stipulation of the type introduced in this case. In *Sims*, the only evidence of ownership was the testimony of a security officer that Jewel was the owner of the stolen property. The court concluded that the defendant was not prejudiced by the absence of proof that the store was owned by a corporation because the complaint, the trial transcript and the court's opinion shielded him from a second prosecution for the same offense. It also concluded that he was proven guilty of stealing merchandise owned by someone else. In *Kaprelian*, the court pointed out that the premises of the Jewel-Osco store from which the property was taken and its location were specified

in the complaint and established by the proof so that the defendant was aware of the exact premises involved and the charges against him, and was also protected against double jeopardy. *People v. Nelson* (1974), 17 Ill.App.3d 224, 308 N.E.2d 122, held that it was necessary to show some substantial injury was done to the accused by the failure of the State to prove the precise name of a robbery victim.

In *People v. Harden* (1969), 42 Ill.2d 301, 247 N.E.2d 404, the holding was that the allegation of the theft of a ring, the property of a named individual, sufficiently identified the property to enable the defendant to prepare her defense and to plead double jeopardy even though the property was owned by a partnership of which the named individual was a member. In reaching this conclusion, the court stated (42 Ill.2d 301, 305):

> "The defendant does not argue that she was in any way prejudiced by the variance between the indictment and the proof. Since the purpose of the allegation and proof of ownership have been realized, the conviction will not be defeated by harmless variance. *People v. Stewart*, 23 Ill.2d 161; *People v. Kreisler*, 381 Ill. 453."

The reliance in *Harden*, which involved a theft charge, upon *People v. Stewart* (1961), 23 Ill.2d 161, 177 N.E.2d 237, which involved a burglary charge, indicates that the requirement of proof in burglary cases is regarded as analogous in deciding the extent of the proof requirement with respect to ownership in theft cases.

The decision in *Stewart* ended the requirement that in a burglary case the identity of the owner of the premises and the type of entity the owner was, if not an individual, had to be alleged and proved. Allegation and proof of the person entitled to occupancy and possession of the premises, even though not the owner, was held to be sufficient in *Stewart*.

The requirement regarding allegation or proof of ownership, possession or occupancy of burglarized premises was completely abandoned in *People v. Gregory* (1974), 59 Ill.2d 111, 319 N.E.2d 483. An indictment which alleged only defendant's entry into a building at a specified address known as "The Beauty Corner" without any identification of the owner or anyone who was an occupant or in possession was held valid. The court viewed the indictment favorably because (59 Ill.2d 111, 114):

> "The allegations were adequate to apprise the defendant of the crime with which he was charged, to enable him to prepare his defense, if he had one, and to protect him against the possibility of future prosecution for the same offense."

The theft statute differs from the burglary statute in that the former specifically requires proof of ownership, while the burglary statute does

not. (Ill. Rev. Stat. 1973, ch. 38, § 16—1.) In this case, ownership was proved to be in Jupiter Discount Store, stipulated to be a licensed business.

■■ Notwithstanding the line of cases relating to theft set forth in the footnote above, the relaxation in the proof of ownership, possession or occupancy required in burglary cases from *Stewart* through *Gregory*[2] indicates that similar relaxation is in order in proof of the type of entity, if other than an individual, which possessed or had an interest in property alleged to be stolen. Where no prejudice to the defendant is evident, there is no more apparent need for perpetuating the formality of requiring proof of whether ownership is in an individual, a partnership, a corporation or some other entity in the case of a theft than a burglary. In this case, it served no purpose to prove that Jupiter Discount Store existed as a corporation. Defendant would not have been assisted in preparing his defense, such additional proof would not more definitely have protected the defendant from double jeopardy, and it would not have more clearly established that defendant was not the owner of the property alleged to be taken or that Jupiter Discount Store was the owner. If the stipulation is limited to its literal meaning, it would merely, as the court noted in *Sims,* be elevating form over substance and perpetuating an empty formality to require proof of the corporate existence of Jupiter Discount Store.

The judgment is affirmed.

Judgment affirmed.

BURKE, P. J., concurs.

Mr. JUSTICE GOLDBERG, specially concurring:

I agree with the result reached but not with everything stated in the opinion. In my opinion, the alleged defense regarding sufficiency of the proof by stipulation was waived because it was not raised in the trial court. The only defense raised at trial was a complete denial by defendant. Thus the contention regarding the stipulation may not be raised for the first time in this court. *People v. Morris,* 6 Ill.App.3d 136, 139, 285 N.E.2d 247, and authorities there cited.

Even if this alleged error be considered, affirmance of the judgment must result because "[a] stipulation is to be given its natural and ordinary meaning * * *." We may not so interpret the stipulation as to

---

[2] See also *People v. Peck* (1963), 29 Ill.2d 480, 482, 194 N.E.2d 245, and *People v. Whittaker* (1970), 45 Ill.2d 491, 259 N.E.2d 787. *Whittaker,* a burglary case, was relied on by the court in *Sims.*

"do violence to its plain meaning." (*People v. Joe*, 31 Ill.2d 220, 226, 201 N.E.2d 416.) In my opinion it appears from this record that the parties at trial intended by this stipulation to obviate the need for the very proof which defendant now contends is lacking.

In any event, two recently decided cases in this court govern the disposition of this appeal. Both cases reject the identical contention regarding the need of specific proof of corporate existence of the owner of stolen property. (See *People v. Sims*, 29 Ill.App.3d 815, 331 N.E.2d 178, involving "Jewel Food Store". Also *People v. Austin*, 25 Ill.App.3d 174, 323 N.E.2d 128 (abstract opinion), involving "Marshall Field and Company." No other authority is required for disposition of the appeal by affirmance.