THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WESLEY WATTS, Defendant-Appellant.

Second District   No. 79-3

Opinion filed September 27, 1979.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was charged by an information with the offense of theft (under $150); the information alleged that the defendant stole certain items from "Farm and Fleet, Inc." The defendant was convicted after a bench trial and sentenced to a term of 364 days. He appeals, contending that his conviction must be reversed because the State failed to prove that the owner of the stolen property was a corporation as alleged in the information. We affirm.

The record may be summarized as follows: Willis Champion, assistant manager of the Farm and Fleet store in Rockford, Illinois, testified that he saw the defendant take two items from the store's stock and walk out through the checkout counter without paying for them. Champion followed the defendant outside, demanded the return of the items and then took the defendant to the backroom of the store and phoned the police.

During direct examination, Mr. Champion was asked, "Do you know who the owner of the [stolen] property was?" Mr. Champion responded that the owner was "Farm and Fleet, Inc." This reference was apparently the only evidence of the corporate existence of Farm and Fleet which was presented by the State.

The defense introduced the 1977 and 1978 certified lists of corporations listed to do business in Illinois indicating that there was no corporation registered by the name of "Farm and Fleet, Inc." However, corporations named "Farm and Fleet of DeKalb" and "Farm and Fleet of Madison, Inc." were listed.

On appeal, the defendant relies on the rule that, "[w]here the ownership of stolen property is alleged to be in a corporation, the legal existence of the corporation is a material fact and must be proved." *People v. Roach* (1971), 1 Ill. App. 3d 876, 877; see also *e.g.*, *People v. Gordon* (1955), 5 Ill. 2d 91.

■■ At one time, the corporate existence, for purposes of this rule, could be proved only by (1) introducing the charter of the corporation or (2) proving "user" which was proved "by showing that the alleged corporation had an office, operated its business through managers, cashiers and other officers; had a board of directors and president elected by the directors; and such additional acts as manifest corporate functioning." (*People v. Panczko* (1943), 381 Ill. 625, 628.) This requirement for formal proof of the corporation's existence led to a number of decisions which seem highly pedantic by modern standards, such as *People v. Struble* (1916), 275 Ill. 162, where testimony that the National Fireproofing Company did business "as a corporation" was heard without objection, but the court nonetheless reversed the

defendant's conviction on the ground that "[t]his is not a statement that the company was a corporation." 275 Ill. 162, 164.

In *People v. McGuire* (1966), 35 Ill. 2d 219, the court changed all of this by stating:

"We believe that the time has come to re-evaluate the standards of proof established by earlier decisions. In other States, the ordinary rule is that the existence of a corporation may be shown by direct parol evidence. [Citations.] This court's rulings to the contrary have sometimes given criminal trials, in which no corporation was a party, the appearance of a *quo warranto* proceeding against the victimized corporation. [Citation.] We believe that these rulings are inconsistent 'with the spirit that has substituted, in criminal procedure as well as in civil, an interest in the significant rights of the litigants for a ritualistic concern with empty formalities.' [Citation.] We therefore hold that in the absence of evidence to the contrary, the existence of a corporation may be shown by the direct oral testimony of a person with knowledge of that fact." 35 Ill. 2d 219, 231-32.

The holding in *McGuire*, allowing a more relaxed formality of proof of corporate existence where the owner of stolen property is alleged to be a corporation, was followed in *People v. Nelson* (1970), 124 Ill. App. 2d 280. In that case, testimonial references to "Sears," "Sears and Roebuck," "Sears Corporation," "Sears Warehouse," and "Sears Distribution Center," were held sufficient, in spite of their imprecision, to prove the existence of the corporate burglary victim.

A clear directive of the *McGuire* decision is that in passing upon the sufficiency of the State's proof of the corporate existence of the owner of stolen property, a court should base its finding upon "significant rights" of the defendant. In other words, in applying the rule requiring proof of corporate existence, courts must be guided by the practical and substantive reasons for the requirement.

There is no question but that the requirement for allegation and proof of corporate existence, when property has been stolen from a corporation, is a matter of practical and substantive importance: (1) to establish that the defendant was not the owner of the property and that the property was not abandoned; (2) to protect the defendant from double jeopardy and (3) to adequately inform the defendant of the charge against him, and assist him in making his defense. (See, *e.g.*, *People v. McAllister* (1975), 31 Ill. App. 3d 825.) We believe that the proofs in this case were sufficient to fulfill each of these purposes. It is obvious from the evidence that the stolen items, which had been on display in an established retail store, were not abandoned. The defendant's removal of the items without paying for them or making any

word of explanation to the store's personnel, and the defendant's subsequent apprehension by Mr. Champion, support an inference that the defendant was neither the owner of, nor authorized to remove the merchandise, and there was not an iota of proof to the contrary. The record in this case which shows that the defendant was convicted of stealing two specific items from a particular store on a certain date will act as an effective bar to a subsequent prosecution for the same offense. (See *People v. Flowers* (1977), 52 Ill. App. 3d 301.) Thus, the proofs sufficed to fulfill the substantive purposes behind the requirement for corporate existence.

The defendant has asserted that the *McGuire* holding, liberalizing the formality of proof of corporate existence, applies only where there is "no evidence to the contrary," and is therefore inapplicable to this case where the absence of any "Farm and Fleet, Inc." from the certified list of corporations is asserted to constitute evidence that the owner of the stolen property was not a corporation. To the contrary, we believe that the defendant's introduction of the lists of corporations authorized to do business in Illinois only tended to show that the State's witness, like the witness in *People v. Nelson* (1970), 124 Ill. App. 2d 280, had merely failed to state the name of the corporate owner of the stolen property with precision. The lists, in fact, showed two corporations with the phrase "Farm and Fleet" in their name and it would be fair to infer that the witness was referring to one of these. There was no testimony whatever that the victim was *not* a corporation, and the only evidence on the point was Mr. Champion's statement indicating that the business was incorporated. Evidence demonstrating that the witness did not accurately state the corporate name, or instead expressed the name in a usage common to the locality (like "Sears" in the *Nelson* case), does not mandate a holding that the State failed to prove the corporate existence of the property owner. Compare *People v. Flowers* and *People v. McAllister.*

■■ In sum, we hold that the trial court could have justifiably concluded from Mr. Champion's testimony that the owner of the stolen property was a corporation. We believe this holding to be within the spirit of the *McGuire* opinion which holds, " 'the spirit that has substituted, in criminal procedure as well as in civil, an interest in the significant rights of the litigants for a ritualistic concern with empty formalities.' (*People v. Hill*, 17 Ill. 2d 112, 119.)" *People v. McGuire* (1966), 35 Ill. 2d 219, 232.

The judgment of the circuit court of Winnebago County herein is therefore affirmed.

Judgment affirmed.

GUILD, P. J., and LINDBERG, J., concur.