(No. 52435.—

*In re* W. S., Jr., a Minor, Appellee (The People of the State of Illinois, Appellant).

*Opinion filed June 20, 1980.*

WARD, J., concurring.

William J. Scott, Attorney General, of Springfield, and Clyde L. Kuehn, State's Attorney, of Belleville (Donald B. Mackay, Melbourne A. Noel, Jr., and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, and Raymond F. Buckley, Jr., and Curtis L. Blood, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Charles M. Schiedel, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On January 27, 1977, pursuant to a petition for adjudication of delinquency, the circuit court of St. Clair County found respondent, W. S., Jr., guilty of the offense of burglary. On March 3, 1977, the court placed respondent on probation for a period of two years. A petition to revoke probation was subsequently filed, alleging that, on or about November 3, 1977, respondent "did knowingly exert and obtain unauthorized control over the prop-

erty of Jean Nicole, a corporation doing business in St. Clair County," in violation of the theft provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)). On December 21, 1977, following the presentation of evidence, the petition to revoke probation was granted. On January 19, 1978, the circuit court ordered respondent, then 16 years old, committed to the Department of Corrections until he reached the age of 21 or until he became fit to return to society. In ordering respondent committed, the court cited a history of offenses of increasing severity, the inability of his parents to control him, and the exhaustion of rehabilitative measures. On appeal by respondent, the appellate court reversed the judgment of the circuit court, holding that the State had failed to prove the corporate existence of the alleged victim, Jean Nicole. 75 Ill. App. 3d 1048.

As appears from the evidence introduced by the State, respondent and another boy shoplifted five leather coats from the alleged corporate victim, Jean Nicole, a clothing store in the St. Clair Square shopping center in Fairview Heights. Detective Dean Floyd, a juvenile officer with the Fairview Heights Police Department, read a statement that he had taken from respondent in which respondent admitted stealing coats from a store in St. Clair Square on the day in question. Jack Keith, an employee of a shopping center construction company, testified that he saw two young males, one of them the respondent, carry coats from the shopping center in which Jean Nicole was located, and he watched as they threw the coats in a garbage can behind a restaurant. He then retrieved the coats and brought them to the shopping center office. The coats were later introduced into evidence by the State. Sandra Sutter and Kathleen Olivia Eckert, employees of Jean Nicole who testified at respondent's probation revocation hearing, both identified the coats as belonging to Jean Nicole, and both identified respondent as being in the

store on the day of the theft.

In identifying the coats, Ms. Sutter, a sales clerk, indicated that the inscription "M. W.", found on at least one of the coats, referred to Miller-Wohl, the company under which Jean Nicole operated. The following exchange then ensued:

"Q. Is that the corporate owner?

A. Yes.

Q. How do you know that?

A. Well, my employer told me that.

MR. RADCLIFFE [respondent's attorney] : I would object to what her employer told her regarding the corporate existence.

THE COURT: It will be accepted for what it's worth. Objection overruled."

It clearly appears from the quoted matter that Ms. Sutter's testimony concerning corporate existence was hearsay and therefore inadmissible. While corporate existence may be shown by oral testimony, the person so testifying must have personal knowledge of that fact. (*People v. McGuire* (1966), 35 Ill. 2d 219, 232.) That requirement is not met here, and the circuit court erred in refusing to strike Ms. Sutter's testimony on this point.

In any event, the failure of the State to prove corporate existence is not fatal to its case. As the court held in *McGuire,* a burglary prosecution, antiquated standards of proof of corporate existence are inconsistent with the idea that the significant rights of the accused are of greater concern than compliance with ritualistic formalities. (35 Ill. 2d 219, 232.) Prior to the decision in *McGuire,* proof of corporate existence required introduction of the corporate charter, evidence of the exercise of corporate powers, or, in the absence of objection, oral testimony. (See *People v. Gordon* (1955), 5 Ill. 2d 91, 95.) In *McGuire,* the court removed the restriction placed on the last-mentioned type of proof, holding that oral testimony is sufficient, without regard to whether an objection is made,

if the testimony is given by one with knowledge of the fact of corporate existence. (*People v. McGuire* (1966), 35 Ill. 2d 219, 231-32.) The court's decision was based in part on its perception of the so-called "user statute," which authorizes proof of corporate existence by evidence of the exercise of corporate powers (Ill. Rev. Stat. 1977, ch. 38, par. 160—1). The court stated: "The statute apparently liberalized the law of evidence at the time of its passage, and it should not, in our opinion, preclude proof of the existence of a corporation by means other than those it specifies." *People v. McGuire* (1966), 35 Ill. 2d 219, 231.

Following the *McGuire* decision, the opinions of the appellate court have likewise evidenced a concern for the observance of the significant rights of the accused rather than compliance with rigid formalities for proof of corporate existence. (*People v. Watts* (1979), 76 Ill. App. 3d 791; *People v. Sims* (1975), 29 Ill. App. 3d 815, 817-18; *People v. Nelson* (1970), 124 Ill. App. 2d 280, 285-87; cf. *People v. Whittaker* (1970), 45 Ill. 2d 491, 495 (designation of a burglary victim as a "company" in an indictment is sufficient to apprise the accused of the fact that the victim is a corporation).) Consistent with this liberalization of the standards of proof of corporate existence, we held in *People v. Berland* (1978), 74 Ill. 2d 286, 312, a prosecution for arson with intent to defraud an insurance company, that the State's failure to produce evidence on the question of corporate existence is not fatal to its case and that corporate existence, a matter of public record, is a fact which is properly before a court by way of judicial notice. (See, *e.g., People v. Whittaker* (1970), 45 Ill. 2d 491, 495 (judicial notice taken of the certified list of domestic and foreign corporations to determine that the entities specified in a burglary indictment are, in fact, corporations); *People v. Sims* (1975), 29 Ill. App. 3d 815, 818 (courts may take judicial notice of corporate existence

of a theft victim)). This practice of taking judicial notice of public records is one which has long been recognized in both civil and criminal cases (see, *e.g., People v. Garrett* (1975), 62 Ill. 2d 151, 163 (judicial notice of coroner's report); *Gooding v. Morgan* (1873), 70 Ill. 275, 276 (judicial notice of government land surveys)) and in courts of original and appellate jurisdiction (Ill. Rev. Stat. 1977, ch. 51, pars. 48a, 48b). Professor Wigmore specifically approved of the practice when questions of corporate existence arise, labeling the courts early rulings "a bundle of barnacles clinging to the solid bottom of the Ship of Justice, retarding its speed and usefulness and making it unseaworthy." Comment, 10 Ill. L. Rev. 436 (1916).

Our analysis does not end, however, as it did in *Berland,* with the observation that judicial notice can remedy gaps in the State's evidence on the question of corporate existence. We are dealing here with a probation revocation proceeding in which respondent is charged with having retained unauthorized control over the property of the owner. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a).) "Owner" is defined broadly as "a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property." (Ill. Rev. Stat. 1977, ch. 38, par. 15—2.) The State argues, and we agree, that this definition renders proof of corporate existence unnecessary. The definition is devoid of any indication that the General Assembly intended that corporate existence of a theft victim be a material element of the offense of theft. To prove the offense, it need only be shown that someone other than the accused possessed or held an interest in the property and that the accused was unauthorized in exerting control over that property. In reading the broad statutory definition of "owner," we perceive an intention on the part of the legislature, in

enacting the Criminal Code of 1961, to abolish the ritualistic requirement of proof of corporate existence perpetuated by then recent cases such as *People v. Gordon* (1955), 5 Ill. 2d 91, 95-96. (*Cf.* Ill. Ann. Stat., ch. 38, par. 16—1, Committee Comments, at 18 (Smith-Hurd 1977) ("the Committee intended to codify the entire range of offenses against property *** and to abolish completely the labels and highly technical distinctions which had developed through centuries of case law and statutory amendments").) Following enactment of the Criminal Code of 1961, decisions of the appellate court, with few exceptions (*People v. Cowan* (1977), 49 Ill. App. 3d 367, 368-69; *People v. McAllister* (1975), 31 Ill. App. 3d 825, 826, 830; *People v. Baskin* (1969), 119 Ill. App. 2d 18, 21-22), have reiterated the proof requirement expressed in *Gordon* and other cases decided before enactment of the Code, without considering whether the Code's expanded definition of "owner" obviates the need for proof of corporate existence (see, *e.g., In re W.S.* (1979), 75 Ill. App. 3d 1048, 1050; *People v. Boone* (1977), 55 Ill. App. 3d 83, 87-88; *People v. Cassman* (1975), 32 Ill. App. 3d 456, 457-58; *People v. Sims* (1975), 29 Ill. App. 3d 815, 817-18). We are now squarely presented with that issue, since the record before us is devoid of competent evidence of corporate existence of the theft victim, and we hold that the absence of such evidence is not fatal to the State's case.

As in *Berland* and *McGuire,* the question of prejudice to the accused is of greater concern to us than the need to comply with overly technical proof requirements. We noted in *Berland,* for example, that a clear specification of charges would enable the accused to prepare a defense and would protect him from double jeopardy. (*People v. Berland* (1978), 74 Ill. 2d 286, 312.) The same is equally true here. Respondent was adequately informed of the charges and protected from a second prosecution,

since the charging documents and the evidence clearly indicated that he was accused of stealing specified items of property, from a specified store, on a specified date. Reference to this opinion and the record herein will show that the charge here prosecuted was the theft of five leather coats from a store named "Jean Nicole" in the St. Clair Square shopping center, Fairview Heights, Illinois, on November 3, 1977. Proof of corporate existence has no bearing on the question of guilt of the underlying charge, and the sufficiency of the State's proof thereof should not be questioned.

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE WARD, concurring:

The appellate court erred in considering that the petition to revoke probation had to meet what the court deemed to be the evidentiary requirements for a prosecution for theft. It went on to reverse the trial court's revocation of probation on the ground that the State did not prove the corporate existence of the stolen property. The appellate court's misapprehension has misled the majority into discussing at length whether proof of corporate existence is necessary in a prosecution for theft and in a proceeding to revoke probation on the ground of theft.

Of course whether or not to revoke probation is a question within the discretion of the trial court, and unless discretion is abused a court of review will not disturb an order of revocation. *People v. Sims* (1965), 32 Ill. 2d 591, 596; *People v. Pelikan* (1955), 6 Ill. 2d 275, 277.

The revoking of probation was not, on the evidence, an abuse of discretion. The minor and another young

man were observed on November 3 carrying leather coats from the shopping center with the tags still on the sleeves, throwing them into a garbage can and then running into a Sears store. A clerk at Jean Nicole testified that she had observed the minor in the store on November 3, that the retrieved coats were of the kind sold by the store and that the tags were similar to those on coats at Jean Nicole. The assistant manager of the store testified that she had waited on the minor when he had looked at leather coats on that day. Detective Dean Floyd stated that he had taken a statement from the minor in which he admitted that he had been in the shopping mall for the purpose of shoplifting leather coats.

I would point out, too, that though the majority refers to it, it does not consider that the trial court, in revoking the minor's probation, "cited a history of offenses of increasing severity, the inability of his parents to control him, and the exhaustion of rehabilitative measures."

Whether or not the trial court abused discretion was the question for the appellate court, and it is now the question for us.