EMANUEL ZUCKERMAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1904.*

1. EVIDENCE—*when confession is properly allowed to go to the jury.* On a trial for embezzlement, a written confession of a previous embezzlement under the same contract may be admitted in evidence if the only proof then before the court is that the confession was voluntary; and if the defendant subsequently testifies that the confession was not voluntary, but makes no motion to exclude it, the jury may consider it under an instruction requiring them to consider all the evidence in respect to it.

2. EMBEZZLEMENT—*what is not included in the presumption of innocence.* The legal presumption of the innocence of an employee charged with embezzlement does not mean that although he collected money for his employer and kept it without accounting for it, he is to be presumed innocent of the intent implied by his act or to have no intent to defraud his employer.

3. INSTRUCTIONS—*when an instruction as to proof of guilt is erroneous.* An instruction in a criminal case is properly refused which requires the jury to find the accused not guilty unless the evidence "generates a full belief of his guilt," since entire certainty is not required.

4. SAME—*when failure of jury to return instruction will not reverse.* Failure of the jury to return into court an additional instruction given after their retirement is not ground for reversal, where the instruction, re-written by the judge from memory and inserted in the bill of exceptions, states a correct proposition of law and is not alleged to be different from the one not returned.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JOHN E. KEHOE, and E. F. BOGART, for plaintiff in error.

H. J. HAMLIN, Attorney General, and CHARLES S. DENEEN, State's Attorney, (GEORGE B. GILLESPIE, FRANK CROWE, and J. G. GROSSBERG, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error was employed by the Grossfeld & Roe Company, a corporation engaged in selling groceries at wholesale in Chicago, as an outside salesman, taking orders and collecting money from customers. He made collections from various customers which he did not account for or turn over to his employer, and on March 14, 1903, he furnished to the officers of the corporation a list of such customers and the amounts collected from them, aggregating $1689.60, and signed two written statements confessing that he had collected said sums from customers of the corporation without accounting for them or paying the same over after demand and without the knowledge of the corporation. He was continued in the employ of the corporation afterward and collected from customers and retained other sums up to June 17, 1903, when he told the officers of the corporation that he had collected money amounting to about $300 which he had not turned over. He was then arrested and was subsequently indicted for larceny and embezzlement. On his trial under the indictment he admitted the collection of $316.09, specified in sundry receipts, which he had not paid to his employer. The only controversy as to matter of fact was whether he was authorized by his contract of employment to retain the sums of money collected and not turned over. The jury found him guilty of larceny by embezzlement and found the amount taken to be $285.09. Motion for new trial was overruled and he was sentenced in accordance with the verdict.

The first alleged error is the admission in evidence of the papers executed by the defendant on March 14, 1903, confessing the embezzlement previous to that date. They were objected to when offered and the objection was overruled, but the only evidence then before the court was that the confession was purely voluntary. The question whether the confession was admissible in evidence was a preliminary one for the court, and for the purpose of determining that question it would have been proper for the court to hear the evidence on both sides as to the circumstances under which it was made. (*Bartley* v. *People,* 156 Ill. 234; 12 Cyc. 482; 1 Greenleaf on Evidence, sec. 219; 6 Am. & Eng. Ency. of Law,—2d ed.—554.) The defendant had offered no evidence on that question, and there was nothing before the court tending to prove any threat or improper influence or any promise or inducement tending to bring about the confession. The defendant afterward testified to facts tending to prove that the confession was not voluntary, but there was no motion to exclude it after such testimony was given. There was no ruling by the court as to its admissibility in view of the testimony given by the defendant as to the manner in which it was obtained. The jury were fairly instructed at the request of the defendant as to the consideration and credit to be given to the confession, and were directed to consider all the evidence respecting it, including its character and the manner in which it was obtained. The confession was properly submitted to the jury under that instruction.

It is next alleged that the court erred in giving the twelfth instruction at the request of the People, and it is said that it assumed as a fact that the terms of defendant's contract of employment were arbitrarily fixed and settled. The instruction did not assume the existence of any fact, but merely stated to the jury the law applicable to a case where, by the terms of his employment, an agent is required to pay over his collections to his principal and to wait for his commission until the profits have been ascertained, when the commission

is to be paid to the agent by the principal. The evidence on the part of the prosecution tended to prove that such were the terms of defendant's employment, and it was not error to give an instruction based on that theory. The instruction did not assume the truth of the theory.

It is next insisted that the court erred in refusing to give to the jury an instruction concerning the weight to be given to the confession. The jury were sufficiently instructed on that subject by the instruction already alluded to, and the refused instruction was of the nature of an argument to the jury by the court. It was properly refused.

Another instruction which was refused stated, in substance, that the legal presumption of innocence meant that the defendant did not intend to defraud his employer when he kept its money. There is no rule of law that an employee who takes his employer's money and keeps it without accounting for it is to be presumed innocent of the intent implied by his act or to have no intent to defraud his employer. The court was right in refusing to give such an instruction.

Another instruction which was refused related to the difference between civil and criminal cases. It was objectionable, both as being argumentative and because it required the jury to find the defendant not guilty unless the evidence generated a full belief of his guilt which was equivalent to entire certainty. In fact, a rule that the guilt of the defendant should be entirely certain was improperly given in another instruction. The instructions as a whole were more favorable to the defendant than the law.

After the jury had retired to consider their verdict they requested a further instruction and were brought into court, when an instruction was given in the presence of counsel. This instruction was not returned into court with the verdict. By the Practice act instructions taken by the jury are to be returned by them into court, but the failure to return the instruction in question was apparently overlooked, and no objection was made when the verdict was delivered or before

the jury were discharged. If the defendant knew that it was not returned and no objection was made, failure to return it should be considered as waived. However that may be, the judge re-wrote the instruction from memory and inserted it in the bill of exceptions, and it is not alleged that the instruction so appearing is not exactly as given to the jury. The instruction was correct as a matter of law, and it is apparent that the defendant was not prejudiced by a failure to return the instruction read to the jury. Under the circumstances the failure to return it is not ground for reversal.

It is also argued that the evidence was insufficient to justify the verdict. The defendant had drawn his weekly wages as agreed and had retained other money collected by him without any settlement or accounting with his employer, and the question of his guilt hinged on his right, under the contract, to retain the same. Taking the evidence in its most favorable light to him, it tended to prove that he was working for a salary, and in case forty per cent of the gross profits of his sales, after deducting the expenses of cartage, exceeded the weekly salary, he was to be paid the excess. It was his duty to make daily reports of sales and collections, and whether anything would be due him above his weekly wages involved an accounting and settlement. His testimony that he was authorized to retain money not due him for wages, from time to time, as he saw fit, without any accounting or settlement, was so improbable and contrary to ordinary business methods as to be entitled to very little credit. Moreover, his testimony was merely his conclusion as to his rights and not evidence as to what contract was made.

We do not see how the jury could have arrived at a different verdict, and in our opinion the evidence fully justified the verdict.

The judgment is affirmed.          *Judgment affirmed.*