(No. 14700.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED ASCEY, Plaintiff in Error.

*Opinion filed October 21, 1922.*

1. CRIMINAL LAW—*question of variance cannot be first raised in Supreme Court.* In a prosecution for burglary, questions as to a variance between the first name of the prosecuting witness as alleged in the indictment and as shown by the proof, and as to whether the property broken into was a store as alleged in the indictment or a tailor shop as shown by the proof, cannot be first raised in the Supreme Court, particularly where the defendant was not misled or materially injured by the variance.

2. SAME—*recent possession of stolen goods must be exclusive in the defendant.* In a prosecution for burglary, an instruction stating that the unexplained recent possession of stolen property may be sufficient to convict should state that such possession must have been exclusive in the defendant, and the giving of an instruction without so limiting the wording is error.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

ERNEST STOUT, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Alfred Ascey, was convicted in the criminal court of Cook county at the June term, 1921, of the crime of burglary, and the case has been brought here by writ of error.

The indictment in the case charges that plaintiff in error broke into Gustave Youngstadt's store and feloniously and burglariously stole therefrom certain property belonging to Gustave Youngstadt. The evidence shows that Gus Youngstadt's tailor shop was broken into and some property of Gus Youngstadt stolen. It is insisted that the cause should be reversed because of material variance between the indictment and the proof as to the first name of Youngstadt, and also in the material variance as to the burglary being shown by the evidence to have been committed in the tailor shop of Youngstadt instead of in his store. Neither of these questions appears to have been raised in the trial court, and it has long been the ruling of this court that in such case such questions cannot be first raised in this court. (*Dyer* v. *People,* 84 Ill. 624; *People* v. *Weisman,* 296 id. 156.) Furthermore, it clearly appears that plaintiff in error was not misled or materially injured by the alleged variance, and for that reason, also, the question of variance cannot be first raised here. *People* v. *Weisman, supra; People* v. *Jennings,* 298 Ill. 286.

It is further urged that the proof does not satisfactorily show that plaintiff in error is guilty of the crime charged, and that the trial court erred in its rulings as to the admission of an alleged confession by Ascey. The record shows that certain witnesses for the State—police officers of River

Forest—testified that the plaintiff in error signed a written confession that he and an associate named William Robbie burglarized the shop in question; that some of the goods taken therefrom were in part concealed in his step-father's house and part in the house of the sister of plaintiff in error in her home at Melrose Park, Illinois, and that the burglarized goods were found thereafter by the officers in those two houses some six or seven days after the alleged burglary. There is testimony by two witnesses on behalf of plaintiff in error, besides his own, that at the time of the alleged burglary he was in Elgin, Illinois. There is also testimony on the part of plaintiff in error that he signed this written confession as to the burglary because of a beating that he claims had been inflicted upon him by the police authorities of River Forest to make him confess that he had committed the burglary. He testified that he "wrote that confession to save myself from being beaten to death and to save my mother and step-father from going to the penitentiary." It appears that his mother and step-father were first arrested for the burglary but afterwards released, and plaintiff in error was taken into custody in the home of his step-father. The step-father and mother testified on the trial that when Ascey was arrested he showed no evidence of having physical bruises or being injured in any way, but when they saw him the next day in the police station his face was badly bruised and his body discolored from bruises. The police officers denied that they had used any threats or violence. The trial court refused to give an instruction to the jury asked by plaintiff in error, to the effect that a written confession induced by personal violence, torture, threats or intimidation should be disregarded by the jury, and no other instruction was given to the jury that covered this point. This court has held that the question whether a confession is admissible in evidence is a preliminary one for the court, but the weight to be given to such confession, as well as all the evidence in the record, is a question for the jury

under proper instructions. *Zuckerman* v. *People,* 213 Ill. 114; *People* v. *Colvin,* 294 id. 197.

It is also insisted by counsel for plaintiff in error that the trial court erred in giving to the jury an instruction as to recent possession by plaintiff in error of the goods obtained from the burglary. The instruction stated that plaintiff in error could be convicted by proof of recent and unexplained possession of the goods so burglarized, but without limiting the possession to the exclusive possession of plaintiff in error. Under the rulings of this court an instruction as to the recent possession of stolen property should show that such possession, to be properly considered, must have been exclusively in plaintiff in error, and the giving of an instruction without so limiting the wording is error. *People* v. *Clark,* 301 Ill. 428; *People* v. *Judycki,* 302 id. 143.

While it is true that this court has held that a confession made by a prisoner under the influence of promises or threats is not admissible against him, yet if the facts elicited from him by such confession show where such burglarized or stolen goods may be found and they are found in the place indicated by the prisoner, the fact of the finding of the goods, together with the accused's statement, is admissible, (*Gates* v. *People,* 14 Ill. 433; see, also, *Waller* v. *People,* 209 id. 284;) yet we cannot say, on the evidence in this record, that the giving of the improper instruction as to the recent possession of the stolen property may not have so misled the jury as to cause material injury to plaintiff in error. It is a doubtful question whether or not the jury would have found plaintiff in error guilty of the burglary if the erroneous ruling of the court had not been made on this instruction. For this error the question of the guilt of plaintiff in error should be submitted to another jury.

The judgment of the criminal court of Cook county will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*