**The People of the State of Illinois, Defendant in Error, v. W. T. Herrin, Plaintiff in Error.**

Opinion filed June 6, 1938.

SCERIAL THOMPSON, of Harrisburg, for plaintiff in error.

LLOYD H. MELTON, State's Attorney, and C. T. FLOTA, Assistant State's Attorney, for defendant in error.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff in error was prosecuted by information in the county court of Saline county for the crime of petit larceny; the specific charge being that on March 13, 1937, he did steal, take and carry away one ham of the value of $1.40, the personal property of Charles V. Parker Company, a corporation. Trial by jury was waived and the cause submitted to the court, who, after

hearing, found plaintiff in error guilty and sentenced him to imprisonment in the county jail for a term of 30 days and to pay a fine of $10 and costs, which, if not paid, was to be worked out at the rate of $1.50 per day.

Nine assignments of error are laid in the abstract; however, but two are argued, hence the remaining seven are regarded as having been waived; *Lingle v. West Chicago Park Com'rs,* 222 Ill. 384; *Dumbeck v. Walsh,* 179 Ill. App. 239.

It is contended that there is a failure to prove one of the material averments of the information,—that of ownership. The allegation is that the property was owned by Charles V. Parker Company, a corporation. The proof is that it belonged to C. V. Parker Company, a corporation, and it is argued that proof of ownership in C. V. Parker Company, a corporation, does not sustain the averment that it was the property of Charles V. Parker Company, a corporation.

In *Little v. People,* 157 Ill. 153, the court held that where the indictment alleged the Christian name of the owner of the stolen property and the proof showed only his initials, no question of identity being raised at the trial, the proof as made was sufficient; and to the same effect is *People v. Ascey,* 304 Ill. 404. We think there is nothing in this point. Moreover, in any event, it is not open to question upon this record for the sufficient reason that the question of variance was not raised in the trial court. To be available as ground for reversal, the matter of a variance between allegation and proof must be raised upon the original hearing, and cannot be set up for the first time upon review of the cause, *People v. Ascey, supra; Dyer v. People,* 84 Ill. 624.

Plaintiff in error insists that at the time of the theft he was so intoxicated as not to be conscious of what he was doing, and that he does not remember taking the ham. He contends that the gist of the offense of lar-

ceny is the intent to steal, and that he was, for the reason stated, unable to entertain such intent; hence not guilty of larceny, although, as a physical fact, he may have taken the ham.

The law is as stated. *People v. Brislane,* 295 Ill. 241; *Crosby v. People,* 137 Ill. 325. If the proof shows that at the time of the taking plaintiff in error was so insane, whether from intoxication or other cause, as to be incapable of forming the criminal intent to steal, then he is not guilty. There is evidence that he had, shortly before the property was taken, been imbibing whisky and beer to excess, and that he showed the effects of such drinking. There are also other circumstances in the testimony which tend to show that he was more or less, at such time, conscious of his acts and conduct.

The trial judge, with the witnesses before him, had opportunity superior to ours to determine their credibility and to find the facts, and upon the record as made we cannot say he was not warranted in finding plaintiff in error guilty.

We think the judgment was right and should be affirmed.

*Judgment affirmed.*