THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MANUEL B. ARENIBAR, Defendant-Appellant.

(No. 58677; )

First District (1st Division)—February 19, 1974.

James J. Doherty, Public Defender, of Chicago (John Kalnins and Phillip A. Olson, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE EGAN delivered the opinion of the court:

The defendant, Manuel B. Arenibar, was found guilty after a bench trial of theft (Ill. Rev. Stat. 1971, ch. 38, par. 16—1), and placed on one year probation on the condition that he serve the first six months in the House of Correction.

The defendant contends that he was not proved guilty beyond a reasonable doubt; that there was a fatal variance between the allegations of the complaint and the proof; and that the trial court improperly considered hearsay testimony.

The complaint alleged that the defendant stole "[a watch], the property of Maria Vergio, with the intent to deprive the said owner, Maria Vergio, permanently of the use and benefit of said property."

The defendant, when first arrested, was wearing a child's watch. No watch was introduced in evidence, but the watch taken from Mrs. Vergio's home fit the description of the one worn by the defendant at the time of the arrest and, Mrs. Vergio testified, was the property of her grandson.

In our view there is a fatal variance between the allegation that Maria Vergio was the owner of the watch and the proof that her grandson was the owner. The State relies on two cases: *People v. Bristow*, 8 Ill.App.3d 805, 291 N.E.2d 189; and *People v. Henry*, 68 Ill.App.2d 48, 214 N.E.2d 550. In *Bristow*, the burglary indictment alleged ownership of a building in "Triangle Housing Association, a corporation." The evidence showed ownership in Northwestern University which had leased the property to the "Housing Association of Northwestern University, Chapter of Triangle, an Illinois corporation." In *Henry*, the burglary indictment alleged ownership in Joanna C. Dunne and Leslie Confort and recited the address of the building. The proof showed that at the time of the crime Confort no longer had any interest in the building. Neither case is persuasive authority here. In *Bristow*, it is apparent that the indictment and proof referred to one entity although by different names. In *Henry*, the building was specifically identified by address and the ownership of Joanna Dunne established. The court held the allegation of ownership in Confort, under the circumstances, was surplusage.

In this case, unlike *Bristow*, the complaint refers to one individual and the proof to another; and unlike *Henry*, there is no proof of any ownership in Maria Vergio.

■■■ "The ownership of property must be proved as laid in an indictment for larceny, and, since larceny is an offense against the owner of

property, the owner's name becomes material to a statement of the offense in the indictment if known, and must be proved as alleged." (*People v. Roach*, 1 Ill.App.3d 876, 877, 275 N.E.2d 309.) See also *People v. Csontos*, 275 Ill. 402, 114 N.E. 123, involving reversal of a conviction for larceny in a factual situation similar to this case.

■■ In view of our determination of this issue, it is unnecessary to consider the other points raised by the defendant. The judgment of the circuit court is reversed.

Judgment reversed.

GOLDBERG and HALLETT, JJ., concur.