THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES TUCKER, a/k/a Tom Kincaid, Defendant-Appellant.

First District (2nd Division) No. 62533

Opinion filed January 27, 1976.

James J. Doherty, Public Defender, of Chicago (Marilyn D. Israel and Gary G. Stanton, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Roger Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Charles Tucker, also known as Tom Kincaid, appeals from a judgment of the circuit court finding him guilty of the offense of theft, in violation of section 16—1 of the Criminal Code, and sentencing him to a term of 30 days in the County Jail, considered served. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.) He contends that the State failed to prove his guilt as charged in the complaint since a fatal variance exists between the allegation of ownership of the subject property in the complaint and the proof of ownership adduced at the trial.

The complaint in this case was executed by, and named as complainant Mrs. Beulah Harrington. It charged defendant with having "knowingly obtained unauthorized control over two bicycles of the value of less than one hundred fifty dollars, the property of Beulah Harrington, with the intent to deprive the said owner permanently of the use and benefit of said property."

Mrs. Harrington testified for the State that she had held a conversation with defendant on or about April 21, 1974, and, in response to the question whether she had lost any property prior to that conversation, she related that she had lost two ten-speed bicycles; she stated that the bicycles were owned by her son and her daughter and that the last time she had seen the property was on Sunday morning. She further testified that the aforementioned conversation was held with defendant and another youth on Monday, during which they told her that they

would either get the bicycles back from the people to whom they had sold them or "they would pay me for them."

Willie Harrington, 13 years of age, testified for the State that he was in possession of the bicycles on April 21, 1974, that he later found them to be missing, and that on the following day he observed defendant and another youth riding the bicycles on the street in front of his home.

Defendant testified in his own behalf and denied having a conversation with Mrs. Harrington on April 22, 1974; he stated that he was in police custody on an unrelated charge on that date.

Defendant argues that a fatal variance exists between the allegation of ownership in the complaint and the proof of ownership at trial, since the complaint alleges ownership of the bicycles in Mrs. Harrington, whereas the proofs demonstrated ownership of the bicycles in her children. The State argues variously that defendant cannot be heard to attack the sufficiency of the complaint for the first time on appeal, and that the evidence did in fact establish ownership of the bicycles in the Harrington family.

Section 15—2 of the Criminal Code defines an "owner" of property, as used in the Title of the Code relating to offenses directed against property, as "a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property." Ill. Rev. Stat. 1973, ch. 38, par. 15—2.

Unless prejudice can be shown from a variance between the allegations of the charge and the proofs at trial, demonstrating that the accused was unable to prepare his defense or that he would be subject to a second prosecution for the same offense, the variance will not be considered fatal nor will it mandate a new trial. (See *People v. Palmer* (1972), 4 Ill.App.3d 309, 311-12, 280 N.E.2d 754; *People v. Hurley* (1973), 10 Ill.App.3d 74, 76-77, 293 N.E.2d 341.) See also *People v. Bristow* (1972), 8 Ill.App.3d 805, 808-09, 291 N.E.2d 189, where the criminally damaged premises was alleged in the charge as owned by a housing corporation, whereas the proofs showed that the premises was owned by a university and leased to an association bearing a name similar to that of the housing corporation alleged in the charge, which in turn was in fact nonexistent; this court held that such variance was not fatal since neither the defendants nor the trier of fact were in any manner misled or prejudiced by the variance and also that the record of the proceedings would be a bar to further prosecution for the same offense.

■■ The courts have avoided rigid formality in such cases and have looked to whether the charge and the proofs have demonstrated that the subject property was not that of the accused, that he was able to prepare a defense to the charge and that he would be able to plead the acquittal or conviction thereunder in a subsequent prosecution for the same offense. Where those functions of the charge and the proofs have been realized, the conviction has not been reversed for a harmless variance. See *People v. Ogden* (1970), 123 Ill.App.2d 46, 259 N.E.2d 361, and the cases cited therein.

Further, error predicated upon a variance between the allegation of ownership in the charge and the proof thereof at trial cannot be raised for the first time on appeal. In *People v. Herrin* (1938), 295 Ill.App. 590, 15 N.E.2d 598, the charge alleged the Christian name of the owner of the subject property and the proofs showed only his initials, whereas the defendant raised no question of the owner's identity at the trial; defendant there was not permitted to raise that question on appeal.

■■ While the evidence in the instant case does disclose the apparent variance between the allegation and the proof of ownership suggested by defendant, the evidence also discloses an ownership of the bicycles consistent with the complaint and with section 15—2 of the Criminal Code. Mrs. Harrington testified not only that the bicycles were owned by her children, but also that the bicycles were taken from her and that she had been negotiating with defendant either for their return or for the payment to her of their value. From such evidence the trial court, as trier of fact, could have found that the mother of the minor children had such an interest in the bicycles as to have constituted her an "owner" within the "any other interest" language of section 15—2, not inconsistent with the evidence that the bicycles belonged to her children as well. See *People v. Ogden* (1970), 123 Ill.App.2d 46, 48.

■■ The defendant, who raised no objection at trial with regard to the alleged variance, knew with what offense he was being charged. He was not hindered by the alleged variance from presenting his defense, which related not to the theft of the subject property but to a denial of the alleged negotiations with Mrs. Harrington concerning its return. The complaint in question and the proofs adduced in support thereof demonstrated ownership of the subject property in someone other than defendant, and would also bar a subsequent prosecution of defendant for the same offense. The essential functions of the complaint and the proofs adduced in support thereof were fully satisfied in the instant case. *People v. Ogden.*

The case of *People v. Arenibar* (1974), 18 Ill.App.3d 67, 309 N.E.2d 273, cited by defendant in support of his position, is distinguishable

from the instant circumstances, in that *Arenibar* does not involve evidence of a familial ownership of the subject property; see also *People v. Csontos* (1916), 275 Ill. 402, 114 N.E. 123, cited as authority in *Arenibar*, which is distinguishable from the instant circumstances on the same basis. It should also be noted that the State's argument that defendant cannot raise the sufficiency of the complaint for the first time on appeal flies in the face of defendant's statement in his brief that "no issue is raised with regard to the sufficiency of the complaint."

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.