THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT E. ALLEN, Defendant-Appellant.

Second District   No. 76-120

Opinion filed May 23, 1977.

Thomas J. Maloney and Richard H. Devine, both of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, and Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of theft (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)) in a jury trial and sentenced to a term of not less than 1 year and not more than 3 years in the penitentiary. He appeals contending that he was not proven guilty beyond a reasonable doubt. He also claims that the trial court committed reversible error when it granted the request of the jury and allowed it to hear the complete testimony of one of the State's witnesses after deliberations had begun.

The subject of the theft was a 1969 Chevelle Malibu, black over red in color. Thomas Knapke testified that he owned the car and that it was found missing on January 17, 1975, from a parking place near St. Joseph's College in Rensselaer, Indiana. On January 24, he received a check for $1200 from his insurance carrier (dated January 22), and he assigned the title to the insurance company on January 25.

Officer DeDiemar testified that at approximately 3:30 a.m. on January 24 he observed a car proceeding on Interstate 55 with one taillight. He stopped the car which defendant was driving. When defendant failed to produce a driver's license, stating that it had been suspended, the officer placed him under arrest. In the course of a pat-down search for weapons the officer noted a sharp object in defendant's pocket. In the pocket he found a vehicle identification number (VIN) plate. In the same pocket he also found an envelope which contained three car titles. One was an Illinois title to a 1969 blue Chevelle assigned by one Jacobs (plaintiff's exhibit 1). Another was an Illinois title which the officer did not specify but which was later identified as a title to a 1966 Chevrolet assigned by one Pitts (plaintiff's exhibit 2). The third was an Indiana title (plaintiff's exhibit 3, later withdrawn).

DeDiemar also testified that defendant stated at the Woodridge police station that he did not own the car but that it was owned by a friend, Howard Trout, who lived in Cicero. Defendant did not know how to reach Trout nor where he lived. He said that the VIN plate in his pocket had been purchased from a friend of his together with the car title.

There was further testimony that the VIN on the 1969 Chevelle and one of the titles found in the possession of the defendant bore the same number (referring to plaintiff's exhibits 4 and 2 respectively). The engine number of the Chevelle Malibu which defendant was driving, however, did not correspond to the VIN. The confidential number on the vehicle

had been removed or replaced with what appeared to be a new part which had no number on it.

Defendant testified that he was a resident of Lockport, Illinois, and that he was not in Rensselaer, Indiana, on January 16 or 17. He said that he was in a tavern on Roosevelt Road in Du Page County on January 24 until about 2 a.m. He had been driven there from his home. Robert Trout loaned him the car which defendant was intending to buy. While trying it out he was stopped by the police. He said that Trout had handed him an envelope which when opened by the police officer contained another title and a tag for mailing to the secretary of state. He said he told the officer he could not get in touch with Trout at that time of the morning. He was to return the car the next day at the tavern where he had met Trout or bring Trout $1000. However, he was in jail after his arrest. Later, nobody at the tavern knew where Trout was. He said he had looked for Trout without success.

The substance of defendant's argument that he was not proven guilty beyond a reasonable doubt is his claim that the People failed to prove that the ownership of the motor vehicle was in Thomas Knapke as stated in the indictment. He argues that the proof failed because the People did not introduce the check that Knapke received nor the certificate of title showing the date of the transfer. He reasons that the mere fact that Knapke testified that he assigned the title to an insurance company, "he thought" on January 25, is not conclusive evidence of Knapke's ownership at the time defendant was captured. Defendant also argues that the proof was insufficient to show that he knew that the car was stolen.

■■ Defendant's guilt was proved beyond a reasonable doubt. It is undisputed that Knapke owned the car at the time it was found missing. There was also testimony which the jury could weigh that Knapke still owned the car on January 24 when defendant was found in its possession. Defendant's contention that title passed upon the date of the insurance company check is without authority. Moreover, even if it were to be assumed that title had passed to the insurance company prior to the actual signing of title by Knapke, no fatal variance was created between the indictment which alleged ownership in Knapke since defendant could show no prejudice either in the sense that he was unable to prepare a defense or that he would be subject to a second prosecution for the same offense. *People v. Tucker*, 35 Ill. App. 3d 630, 632 (1976).

■■ Defendant was charged with theft "in that he did knowingly exert unauthorized control over property of Thomas Knapke * * *." Under this charge both possession and knowledge that the property was stolen are essential elements. (*People v. Baxa*, 50 Ill. 2d 111, 114 (1971).) The evidence, although circumstantial amounted to proof beyond a reasonable doubt that defendant had knowledge that the car was stolen or

that he himself stole it. His explanation could well be viewed by the jury as incredulous.

The next claim of error raised by the defendant involves the jurors' request for information in the course of their deliberations. Two notes from the jury foreman were delivered to the trial judge. One read "We would like to see or hear the transcript of the trial of the first officer regarding the testimony which states how Allen explained possession of Exhibits #2 and #4" (court's exhibit #1) and "May we have the officer's whole testimony from the first day" (court's exhibit #2).

Over defense counsel's objections the judge permitted the court reporter to read the testimony of Officer DeDiemar to the jury. Defendant argues that while in exercise of discretion the court could ascertain from the jury specific testimony which it wished to review, it was not proper to read the entire testimony which amounted to a review of the State's case.

■■ Under the circumstances we find no abuse of discretion. After hearing defendant's explanation of how he came to be in possession of a stolen car, the jury could have reasonably wished to recall the officer's testimony, particularly with relation to the titles and vehicle identification plate found in defendant's possession. The cases cited by the defendant (*People v. Pierce*, 56 Ill. 2d 361, 363-64 (1974); *People v. Jackson*, 26 Ill. App. 3d 618, 629 (1975); *People v. Anthony*, 30 Ill. App. 3d 464, 466 (1975)) support the general rule that the trial judge in exercise of his discretion may refuse to give the jury transcripts of trial testimony. *People v. Willy*, 301 Ill. 307, 327 (1921), also cited by the defendant, stands for the familiar rule that the prosecutor may not be permitted to read from the trial transcript in his argument to the jury. The trial judge may, however, in the exercise of his discretion grant the jurors the opportunity to have read to them testimony that is relevant to their inquiry. (See *People v. Pierce*, 56 Ill. 2d 361 at 364; *cf. People v. Matthews*, 21 Ill. App. 3d 249, 252 (1974); see also Annot., 50 A.L.R.2d 176 (1956).) Here the trial judge determined that the entire testimony of the officer including his cross-examination should be read so that the jury could fairly compare the officer's testimony with defendant's explanation. This was not an abuse of discretion.

The judgment is therefore affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.