THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THEODORE J. SCHAEFER, Defendant-Appellant.

Third District   No. 79-901

Opinion filed August 13, 1980.

Lawrence Suffredin, Jr., of Chicago, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Following trial by jury in the Circuit Court of Will County, Theodore J. Schaefer, the defendant, was found guilty of two counts of theft and two counts of possession of a vehicle with a falsified identification number. The defendant was fined in the sum of $5,000 on one count of theft and sentenced to two years conditional discharge on all counts, the same to run concurrently.

On January 11, 1979, the defendant was the subject of a traffic stop made by a State trooper. The vehicle being driven by the defendant was a white Chevrolet pick-up truck, and the trooper noticed that one vehicle-identification number plate was altered and that one plate had been

removed. The identification plate was for a 1974 Chevrolet truck, and the vehicle was registered as such.

The defendant advised the trooper that he had purchased the truck through his brother. The defendant was arrested, and the truck was retained by the police. The State trooper proceeded to the defendant's home, where he noticed a late model blue Chevrolet truck which he found to be registered in the defendant's name as a 1975 model.

It was subsequently established that the white-colored truck was a 1979 model and that the blue truck was a 1977 model.

If a further recitation of the facts as established at the trial becomes pertinent to the issues presented in this appeal the same will be set forth.

The defendant first assigns as reversible error that the People's evidence was insufficient to prove ownership of the vehicles as alleged in the two theft counts.

Count I charged the defendant with unauthorized control over the 1979 pick-up truck which was the property of Wickem Chevrolet, a corporation. Count II charged the defendant with unauthorized control over a 1977 pick-up truck which was the property of Thomas E. O'Drobinek. It is defendant's argument that the People failed to prove these counts of theft since both Wickem Chevrolet and O'Drobinek had reported the theft of the respective vehicles to their insurance companies, had received from the companies payment for their loss, and each owner had transferred ownership of the stolen vehicles to the insurance carrier. It is the defendant's contention that on the date when the defendant was apprehended, to wit, January 11, 1979, the owner of the 1977 truck was American States Insurance Company, while the owner of the 1979 truck was Motor Insurance Corporation.

The People present a counterargument to the effect that on January 11, 1979, the defendant was exercising unauthorized possession or control over the vehicles on the date of January 11, 1979, and that unauthorized control was against the interest and without the consent of the owners, namely, the insurance companies.

■■ We deem it unnecessary to engage in a discussion as to whether ownership, unauthorized control, or the correct legal title holder of a vehicle must be alleged in an information or indictment. We so conclude since in prosecutions for theft of an automobile, no fatal variance is created by an indictment which alleges ownership in a person who assigned title to an insurance company rather than alleging ownership in the insurance company, in that defendant could show no prejudice either in the sense that he was unable to prepare a defense or that he would be subject to a second prosecution for the same offense. *People v. Allen* (1977), 48 Ill. App. 3d 870, 363 N.E.2d 616.

In the light of *Allen*, which is particularly applicable to the instant case, we find no merit in defendant's contention that there was a fatal variance as to the proof adduced at trial when viewed in respect to the allegations contained in the theft counts of the indictment. Regardless of who held title to the trucks on January 11, 1979, the defendant has shown no prejudice in preparing his defense and is not subject to a second prosecution for the same offense.

The defendant further argues that he was not proved guilty beyond reasonable doubt. The defendant bases this argument by asserting the reasonableness of his testimony, which was to the effect that he purchased the vehicles in question through or from his brother as "rebuilt" trucks. He further calls attention to the fact that his testimony was that he had no knowledge that the identification numbers had been altered and that this testimony was not contradicted.

We disagree with the defendant's contention that he was not proved guilty beyond reasonable doubt, for it is a well-settled principle of law that a reviewing court will not substitute its judgment for that of a jury in cases in which the facts could lead to either of two inferences unless the inference accepted by the jury is inherently impossible. (*People v. Althide* (1979), 71 Ill. App. 3d 963, 389 N.E.2d 240, 243.) The fact that a defendant's testimony is uncontradicted does not *ipso facto* elevate such testimony to the classification of being a conclusive determination of a factual question. A jury is not compelled to accept a defendant's exculpatory statement as true even in the absence of directly contradicting evidence by other witnesses. *People v. Bell* (1977), 49 Ill. App. 3d 140, 363 N.E.2d 1202.

No purpose would be served by setting forth an analysis of the evidence; however, we note the disparity in the price paid by the defendant and the true value of the trucks together with the extremely low mileage reflected on the odometers of the trucks serve to seriously damage, if not destroy, the defendant's testimony that he believed that he was purchasing "used rebuilt" trucks.

For the reasons set forth the defendant's convictions by the Circuit Court of Will County are affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.