THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SAMUEL LEE WRIGHT, Defendant-Appellant.

Third District   No. 81—637

Opinion filed September 15, 1982.—Rehearing denied October 15, 1982.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Samuel Lee Wright, was charged in an indictment with the offenses of murder, armed robbery, theft, and concealment of a homicidal death. Following a jury trial, the defendant was acquitted of all charges except the theft charge. A two-year term of imprisonment was imposed.

Only one issue is raised on appeal: whether the defendant's theft conviction must be reversed where the State's evidence was allegedly insufficient to show that the property taken by the defendant was from an individual legally capable of owning property. We affirm.

The evidence adduced at the defendant's trial revealed the following sequence of events. In the afternoon of February 9, 1981, Robert Dover withdrew $2,000 from his savings account at the First Savings and Loan Association in Wilmington, Illinois. Testimony by Robert's brother, James Dover, indicated that Robert had received an insurance settlement check in the amount of $23,000 on February 5, 1981. Apparently, Robert intended to make a $1,400 loan to his brother-in-law, Lauren Tousignant.

The defendant met Robert and James Dover at the Nite Owl Tavern during the afternoon of February 9, 1981. Robert Dover and the defendant left the tavern together in James' car, a gold 1974 Volkswagen. According to the defendant's testimony, he and Robert went crow hunting. Because it was cold and they had only one pair of gloves between them, they agreed that each would shoot five shells apiece while the other waited in the car. After the weapon was exchanged several times, Dover reportedly opened the car door and slid the weapon, a .20-gauge Mossberg, toward the defendant. As he did so, the weapon discharged. The defendant testified that he felt the gun hit the back of his leg. As he turned, he saw that Dover had been shot in the head. Dover's body fell out of the car onto the ground.

The defendant further testified that he knew Dover was dead. He panicked because he was on parole for a burglary and pulled Dover's body towards a nearby ditch. Upon returning to the Volkswagen, he noticed Dover's wallet on the dashboard. He opened the wallet and discovered a large amount of money. Reasoning that if he left the money there someone else would take it, the defendant decided to take the money and throw the wallet away.

With the help of his cousin, Tim Brassard, the defendant ditched the Volkswagen and retrieved the gun and guncase from a ditch. He and Brassard drove around until 10:30 p.m. that night, when Brassard dropped him off at home. The defendant was arrested the following morning.

The defendant was indicted for theft under section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)). The pertinent language in the statute reads as follows:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner;" (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a).)

The term "owner" is defined in section 15—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 15—2) as:

"*** a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property."

Section 2—15 defines "person" as:

"*** an individual, public or private corporation, government, partnership, or unincorporated association." Ill. Rev. Stat. 1981, ch. 38, par. 2—15.

The defendant contends that the State failed to prove either that

Robert Dover was the "owner" of the property taken or a "person" at the time the property was removed. The defendant also asserts that the issue raised is a case of first impression in Illinois. Perhaps. We need not wrestle with that question, however, since we have no testimony other than the defendant's to prove that Robert Dover was in fact dead when the money was taken from his wallet. If he wasn't dead, there is no problem with the proof offered. Because we have no expert testimony on the subject, we can just as easily assume that Dover was alive, albeit mortally wounded, when the money was taken as that he was dead.

Furthermore, evidence established that the money contained in Dover's wallet was money that he had received in an insurance settlement and had removed from his savings account on the afternoon of February 9, 1981. The defendant admitted he removed the money from Dover's wallet. Obviously, the money was taken by the defendant without authorization.

Keeping in mind the relaxation of the rules governing the proof of ownership necessary in theft and burglary cases in Illinois, we hold that the evidence in the case at bar clearly supports the defendant's theft conviction. (See *In re W.S.* (1980), 81 Ill. 2d 252, 408 N.E.2d 718; *People v. Schaefer* (1980), 87 Ill. App. 3d 192, 409 N.E.2d 129.) Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

STOUDER and ALLOY, JJ., concur.